Macdonald, D. Lloyd, J.
Before the Court is the plaintiffs further motion for judgment on the pleadings following this Court’s remand to the Board. The motion is DENIED for the reasons that follow.
The protracted procedural history of this case is accurately documented in the plaintiffs Verified Supplement to Complaint II (Paper #47) and in the plaintiffs counsel’s affidavit attached to the instant motion as Exhibit A. At this juncture, however, the issue before the Court is a narrow one, namely, whether the hearing officer committed an error of law in denying the plaintiffs motion for funds to retain an expert as to the likelihood of his reoffending sexually.
As the plaintiff acknowledges (at page 16 of his memorandum of law), the SJC has held that “(t]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case,” quoting Doe 89230 v. Sex Offender Registry Board, 452 Mass. 764, 775 (2008). In that case the SJC further held that “in moving for expert witness funds, the burden will be on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert. A general motion for funds to retain an expert to provide an opinion on the sex offender’s risk of reoffense, without more, would appear to be insufficient.” Id.
At a minimum, the Court’s scope of review here is narrowly circumscribed by the principles of G.L.c. 30A review of administrative agency decisions. Judicial review is limited to the administrative record. G.L.c. 30A, §§14(4) and 14(5); Cohen v. Bd. of Registration in Pharmacy, 350 Mass. 246, 253 (1966). This court may set aside an agency decision “if it determines that the substantial rights of any party may have been prejudiced because the agency decision is made upon unlawful procedure,” or is “arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.” G.L.c. 30A, §§14(7)(d), 14(7)(g). The hearing examiner’s decision as adopted by SORB must be supported by substantial evidence. G.L.c. 30A, §14(7). It is not, however, for the Court to substitute its judgment for that of the agency. See generally Cobble v. Comm’r of the Dept. of Social Services, 430 Mass. 385, 391 (1999).
However, here, with the particular decision having been explicitly characterized by the SJC as a discretionary one, it is plausible that the appropriate standard of review is the “abuse of discretion” standard. “An abuse of discretion consists of judicial action that no conscientious judge, acting intelligently, could honestly have taken.” Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 425 (2005).
By either standard, the Hearing Examiner’s decision may stand.
The Court closely reviewed the decision. The Hearing Examiner appropriately analyzed the plaintiffs motion according to the standards of Doe 89230. The Hearing Examiner found (accurately) that the Board *513 had not itself relied on expert testimony, and she evaluated the plaintiffs reasons against the three regulatory factors that the SJC identified as “most relevant and material” to the issue. Id. at 775. In doing so, she reasonably made reference to facts in the administrative record. Her conclusion that the plaintiffs was a “general motion for funds to retain an expert to provide an opinion on [his] risk of reoffense, without more,” id., was neither arbitrary nor capricious, nor an abuse of discretion, nor otherwise contrary to law.[1]
ORDER
The plaintiffs motion for judgment on the pleadings is DENIED. The Hearing Examiner’s decision denying the plaintiffs motion for funds is AFFIRMED. The Board’s decision requiring the plaintiff to register as a Level III sex offender is AFFIRMED.

In two recent unpublished decisions, the Appeals Court has applied the principles of Doe 89230 consistently with the approach taken by the Hearing Examiner. See Doe 5668 v. SORB, 79 Mass.App.Ct. 1107 (2011), 2011 WL 1197672 (Mass.App.Ct.), and Doe 155014 v. SORB, 79 Mass.App.Ct. 1107 (2011), 2011 WL 1197675 (MassApp.Ct.).